April 27, 2009

The Honorable Rex Emerson                    Opinion No. GA-0711
Kerr County Attorney
County Courthouse, Suite BA-103              Re: Definition of "audit" for purposes of section
700 Main Street                              775.082, Heath and Safety Code  (RQ-0759-GA)
Kerrville, Texas  78028

Dear Mr. Emerson:

You initially ask us to define the term "audit" as it is used in section 775.082 of the Health and Safety Code.[1]  Section 775.082 requires an emergency services district to file an "audit report of [its] fiscal accounts and records" with the specified commissioners courts.  TEX. HEALTH & SAFETY CODE ANN. § 775.082(b) (Vernon Supp. 2008).  The audit is to be prepared by "an independent certified public accountant . . . licensed in this state, unless the commissioners court by order requires the audit to be performed by the county auditor [by a specified date]."  *Id.* § 775.082(c).  You state that issues arise when the county auditor is also a certified public accountant ("CPA") and subject to the CPA rules of professional conduct, including standards concerning independence. *See* Request Letter at 1–2.  Thus, the question ultimately raised in your request letter is "whether the County Auditor who is a CPA can ethically perform an audit as directed under [chapter] 775."  *Id.* at 2.

The Texas State Board of Public Accountancy ("TSBPA"), the agency charged with regulating the public accountancy profession, has answered that question. *See* TEX. OCC. CODE ANN. §§ 901.051 (Vernon 2004) (providing for TSBPA board), 901.151(a)(1) (providing that Board shall administer chapter 901).  In its briefing submitted to our office, the TSBPA cites to section 901.004(a), Occupations Code, which provides that the Public Accountancy Act does not: "(1) restrict an official act of a person acting in the person's capacity as: (A) an officer of the state or of a county, municipality, or other political subdivision, including a county auditor; . . ." TSBPA Brief at 1–2 (citing TEX. OCC. CODE ANN. § 901.004(a) (Vernon 2004)).  Based on this provision, the TSBPA states that

> it is our belief that the Kerr County Auditor acting in her capacity
> pursuant to a state law which requires the performance of an audit,
> even if it means an audit not in compliance with this agency's

---

[1]Request Letter at 2 (*available at* http://www.texasattorneygeneral.gov).

> attestation standards, would not be in violation of the Public Accountancy Act or the regulations promulgated pursuant to that Act.

*Id.* at 2. With its brief, the TSBPA indicates that it effectively construes section 901.004 to except a county auditor, when acting in the capacity of county auditor, from the regulation of the Public Accountancy Act and regulations and standards adopted thereunder.

"An administrative agency's construction or interpretation of a statute, which the agency is charged with enforcing, is entitled to serious consideration by reviewing courts, so long as that construction is reasonable and does not contradict the plain language of the statute." *Flores v. Emps. Ret. Sys.*, 74 S.W.3d 532, 545 (Tex. App.—Austin 2002, pet. denied). The TSBPA's construction of section 901.004 does not contradict the plain language of the section. The TSBPA's construction is not unreasonable in that it respects the autonomous nature of the office of county auditor and balances that office's statutory duties against obligations imposed by the professional standards adopted by the TSBPA. *See* TEX. CONST. art. XVI, § 1 (oath of office); TEX. LOC. GOV'T CODE ANN. § 84.002 (Vernon 2008) (appointment of auditor by district judges); TEX. OCC. CODE ANN. §§ 901.156 (Vernon 2004) (authorizing TSBPA to adopt standards of professional conduct), 901.165 (authorizing TSBPA to adopt by reference standards for attest services developed by American Institute of Certified Public Accountants or other nationally recognized accountancy organization). Because in our view such a construction is not unreasonable and does not contradict the statute, it is one to which this office will defer.

<u>**S U M M A R Y**</u>

        In light of, and in deference to, the Texas State Board of Public Accountancy's view of section 901.004, Occupations Code, a county auditor who is a certified public accountant may ethically perform an audit under section 775.082, Health and Safety Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee